IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNI JEAN CINQMARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-823 (JLH) |
| | ) |
| MICHELE MCINTYRE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Penni Jean Cinqmars, of Duncansville, Delaware, initiated this civil action by filing a complaint *pro se*. (D.I. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 7.) Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this stage of the case, the Court will assume the facts alleged in Plaintiff's *pro se* pleading to be true and draw all reasonable inferences in her favor.

The complaint alleges that Defendant is an employee of the Delaware Division of Family Services in Sussex County. (D.I. 1 at 4.) According to the complaint, Defendant violated Plaintiff's constitutional and civil rights, and committed federal criminal offenses, in Millsboro, Delaware, between January 22, 2024, and July 16, 2024. (*Id.* at 3-4.) While the allegations aren't entirely clear, it appears that Defendant was somehow involved in Plaintiff's granddaughter being removed from Plaintiff's care in or around January 2024, after bruises were found on the child's body. (*Id.* at 4-7.) Plaintiff attributes the bruising to her granddaughter's blood disease and accuses Defendant of writing false reports about the incident. (*Id.* at 7.) Plaintiff's son had full, sole custody of the child at the time. (*Id.* at 5.) After Plaintiff's granddaughter was removed from

Plaintiff's care, Plaintiff was dissatisfied with the care the child received. (*Id.* at 6.) Plaintiff documented what she believed to be mistreatment of her granddaughter, and Plaintiff accuses Defendant of either refusing to accept, or hiding, this documentation. (*Id.* at 4-6.) Prior to initiating this civil action, Plaintiff "filed a report in family court as well as civil court and to Judge Jones" regarding the foregoing. (*Id.* at 4.) Plaintiff believes that Defendant is corrupt and is keeping Plaintiff's granddaughter from Plaintiff simply because Defendant does not like Plaintiff, which Plaintiff believes amounts to discrimination. (*Id.* at 4-6.) Plaintiff says that she has suffered mental and emotional injury, as well as financial injury, for which Plaintiff seeks $9,000, termination of Defendant's employment, and return of Plaintiff's granddaughter to Plaintiff. (*Id.* at 7.)

Because Plaintiff's grievances stem from ongoing family court custody proceedings, the Court shall abstain from ruling on Plaintiff's claims. There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), known as the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine applies when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Prior to initiating this action, Plaintiff petitioned the Delaware Family Court, and possibly other Delaware state courts. (*See* D.I. 1 at 4.) This Court will abstain from adjudicating Plaintiff's claims, pursuant to the *Younger* doctrine, because Plaintiff's concerns regarding the care and custody of her granddaughter, and Defendant's involvement, have been taken up with the Delaware courts and both can and should be decided by the Delaware courts.

Additionally, to the extent Plaintiff asserts civil rights claims for money damages against Defendant in her official capacity as a state employee, such claims are barred. Absent consent, States, their agencies, and state officials acting in their official capacities are not viable defendants in federal civil rights suits, pursuant to Eleventh Amendment sovereign immunity and the meaning of "person" in 42 U.S.C. § 1983. *See generally Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that 42 U.S.C. § 1983 does not create a cause of action against a State or its officials acting in their official capacities).

Finally, dismissal is warranted as a matter of law for any civil claim based on a criminal law not conferring a private right of action.

NOW, THEREFORE, at Wilmington, on this 23rd day of October, 2025, IT IS HEREBY ORDERED that the complaint (D.I. 1) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE this case.

_____
The Honorable Jennifer L. Hall
United States District Judge